# United States District Court

### WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**

v.

**DOMINICK T. JOHNSON**

## ORDER OF DETENTION PENDING TRIAL

Case Number: 1:15-CR-90

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

    ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).

    ☐ an offense for which the maximum sentence is life imprisonment or death.

    ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____

    ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☒ (1) There is probable cause to believe that the defendant has committed an offense

    ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____

    ☒ under 18 U.S.C.§924(c).

☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

There is before the Court solid evidence of a conspiracy by persons, mostly from Chicago, to rob banks in Western Michigan. One bank robbery occurred on May 29, 2014, and the bank robbers obtained $36,000. Another bank robbery occurred on July 29, 2014, and the bank robbers got away with $77,000. Another bank robbery occurred in January 2015. The grand jury found probable cause to believe that the defendant conspired to rob the bank on May 29, 2014, and that on several other specific occasions traveled to West Michigan to commit other bank robberies. The grand jury also found that the defendant aided and abetted the bank robbery on July 29, 2014. (continued on attachment)

## Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that there is no condition or combination of conditions that will assure the safety of the community from further conduct of the nature charged in the indictment, if defendant is released. Notwithstanding the excellent advocacy of defense counsel, the Court does not believe the presumption has been rebutted in this instance; regardless however, in light of the extensive proofs offered by the government, the court reaches the conclusion that the government has (continued on attachment)

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: June 10, 2015

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

Case 1:15-cr-00090-GJQ ECF No. 35 filed 06/15/15 PageID.83 Page 2 of 2

United States v. **DOMINICK T. JOHNSON**
1:15-CR-90
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B)** - (continued)

On October 7, 2014, defendant was stopped in Western Michigan, along with co-defendant Nathan Deshawn Benson, who was also accused of helping to rob the banks, and in the car were found a gym bag containing two loaded semi-automatic pistols and clothing including black gloves and black ski mask.

On February 27, 2015, defendant was driving a car from Chicago to Kalamazoo County with three other persons when they were stopped in Western Michigan. A gun was found under the hood of the car and two of the other people in the car were dressed in clothing suitable for robbing banks.

There is overwhelming evidence of an organized pattern of bank robberies in Western Michigan, and the grand jury found probable cause to believe defendant was involved in conspiring to rob one of those banks and that he robbed another bank as well, among the other charges. Defendant has an extensive criminal record, although no felonies. His ties to this area are minimal; employment is tenuous, and no certain residence. [While defense counsel alludes to the well known quote that a grand jury can indict a ham sandwich, the fact remains that some ham sandwiches go bad.] Here, the prosecutor did not choose to rely simply on the fact of the indictment, which he could have done, but rather painstakingly proffered evidence that was presented to the grand jury, from which the Court finds that defendant was, in fact, involved in events underlying the charges in this indictment. Thus, the question is not whether such a person is a danger to the community (he unquestionably is), but whether the defendant is that person, and the Court finds clear and convincing evidence to believe that he is.

**Part II - Written Statement of Reasons for Detention** - (continued)

 met its burden even without reliance upon the presumption. Accordingly, the defendant will be detained pending trial.